UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                   No. 16-CR-397 (LTS)

BERNARD WALKER,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

        The Court has received Defendant Bernard Walker's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket Entry No. 408, the "Motion.") On February 3, 2017, upon pleading guilty, Mr. Walker was convicted of one count of participating in a conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in violation of 21 U.S.C. section 841(b)(1)(C) and section 846. (Docket Entry No. 113.) On January 17, 2018, the Court sentenced him principally to 60 months of imprisonment, to be followed by a four-year supervised release term. (Docket Entry No. 295.) Mr. Walker is currently incarcerated at the Federal Correctional Institution Allenwood Low ("FCI Allenwood Low," a low security correctional facility in Pennsylvania), and is due to be released from Bureau of Prisons ("BOP") custody on May 29, 2022. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited January 29, 2021).[1]

        Mr. Walker, who is 30 years old, seeks immediate release from custody, arguing that the spread of the COVID-19 virus at FCI Allenwood Low, and his health conditions

---

[1] According to Mr. Walker, he may be eligible for release to a halfway house as early as May 2021, "with a home detention eligibility date" of November 29, 2021. (Motion at 2).

(including asthma and a body mass index ("BMI") of approximately 33), constitute "extraordinary and compelling reasons" to reduce his sentence. (See Motion at 1, 4-6; see also Docket Entry No. 423 ("Reply") at 4-5.) On December 23, 2020, the Government filed its opposition to the Motion. (Docket Entry No. 412 ("Opp.").) On January 7, 2021, Mr. Walker submitted his reply. The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Walker's Motion is denied.

## DISCUSSION

Mr. Walker seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-259).[2] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant

---

[2] The Government does not dispute that Mr. Walker has satisfied section 3582(c)(1)(A)'s exhaustion requirement. (See Opp. at 5.)

has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).

United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors at the time of Mr. Walker's sentencing hearing, on January 17, 2018, is reflected in the transcript of that hearing. (Docket Entry No. 310 ("Sent. Tr.").)[3]  As to the nature and circumstances of the offense, the Court noted that Mr. Walker sold crack cocaine "on the street level in the very challenged Lincoln Houses area over a sustained period of time." (Id. at 26.)  The narcotics conspiracy in which Mr. Walker participated "plagued the lives of residents of that complex" with drugs and violence (id. at 26), and although Mr. Walker was not personally involved in that violence, his choice to participate in the conspiracy "was a choice that brought peril and harm to the community [and] that endangered children and [ ] families." (Id. at 24.)  The Court also considered the unfortunate circumstances of Mr. Walker's childhood, his exposure at a young age to incidents of violence, and his success, despite these challenges, in holding a series of legitimate jobs. (Id. at 24-25.)  However, the Court further weighed the facts that Mr. Walker "had not turned his life around after past encounters with the criminal justice system," and "had some significant noncompliance while under pretrial supervision in this case," in determining an

---

[3]  The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C.A. § 3553(a) (Westlaw through P.L. 116-259).

appropriate sentence. (Id. at 26.) In light of those factors, as well as other considerations stated on the record, the Court sentenced Mr. Walker to a term of 60 months of incarceration, a downward variance from the applicable advisory guidelines range (78 to 97 months of imprisonment), to be followed by a four-year term of supervised release. (Id. at 21-28.)

In the approximately three years since Mr. Walker's sentencing, he has completed educational, financial, wellness, and drug abuse programs while in custody, and has earned his GED diploma. (Motion at 8 & Ex. D.) His time in custody has been largely free of disciplinary incident (Opp. Ex. B) and, according to Mr. Walker, the BOP has assigned him a "minimum" PATTERN score, indicating a low recidivism risk on his part. (Motion at 7.) The Court considers these facts in weighing Mr. Walker's history and characteristics for purposes of this Motion.

With these facts and the section 3553(a) factors in mind, the Court next considers whether Mr. Walker's proffered extraordinary and compelling reasons—the spread of COVID-19 at FCI Allenwood Low, and his health conditions—warrant a reduction in Mr. Walker's sentence. 18 U.S.C.A. § 3582(c)(1)(A).

Mr. Walker seeks a reduction in his sentence based on the spread of COVID-19 at FCI Allenwood Low (Motion at 5-6; Reply at 4-5) where, the BOP reports, 29 inmates and 16 staff members are currently positive for COVID-19. BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited January 29, 2021).[4] This total has decreased somewhat since Mr. Walker filed his reply brief, in which he reported that as of January 6, 2021, there were 57 inmates and 13 staff members positive for COVID-19, according to BOP data.

---

[4] The BOP also reports that 259 inmates, and two staff members, have recovered from COVID-19 infection at FCI Allenwood.

(Reply at 5 n.2.) Mr. Walker also states that he is currently housed in open-dormitory housing at FCI Allenwood Low, possibly increasing his risk of exposure to COVID-19, that the community around the facility has seen an increase in confirmed COVID-19 cases, and that the facility has recently reopened to public visitation. (Motion at 5-6.)[5]

Mr. Walker submits that two health conditions—asthma and obesity—place him at a comparatively higher risk of suffering severe illness if he were to contract COVID-19. He states that he has "a history of severe asthma . . . since childhood, requiring hospitalization" (Motion at 4), though the Government submits medical records reflecting that Mr. Walker's asthma condition is generally well controlled with medication. (Opp. at 3 & Ex. A.) According to the Centers for Disease Control and Prevention ("CDC"), moderate-to-severe asthma is a condition which "might" place an individual "at an increased risk for severe illness from the virus that causes COVID-19." CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 29, 2021). Mr. Walker also reports that his BMI is 33 (Motion at 5), in the lower range of the CDC's definition of obesity (between 30 kg/m$^2$ and 40 kg/m$^2$), though not in the range the CDC defines as severe obesity (greater than or equal to 40 kg/m$^2$), placing him at an increased risk for severe illness from COVID-19. Id.

Mr. Walker is only 30 years old, however, placing him in an age group with a relatively lower risk of severe illness from COVID-19 than that faced by older adults. United States v. Batista, No. 18-CR-319 (LTS), 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (collecting CDC data); United States v. Toro, No. 19-CR-299 (AT), 2020 WL 3472430, at *2

---

[5] As of the issuance of this Memorandum Order, the BOP's website reflects that all visitation at the facility is currently suspended. BOP, FCI Allenwood Low, https://www.bop.gov/locations/institutions/alf/ (last visited January 29, 2021).

(S.D.N.Y. June 25, 2020) ("At 30 years old, Defendant is not in the age group of individuals at higher risk of serious illness from COVID-19."). Given his youth, well controlled asthma, and BMI on the lower end of the elevated risk scale, the Court finds that Mr. Walker's health conditions do not present extraordinary and compelling circumstances warranting compassionate release. See United States v. Stubbs, No. 18-CR-284-8 (JSR), 2021 WL 185415, at *2 (S.D.N.Y. Jan. 19, 2021) ("More importantly, Stubbs is only 30 years old, and obesity and hypertension appear to be substantially less serious risk factors than age. . . .") (citations omitted); United States v. Henderson, No. 3:19-CR-30 (VLB), 2020 WL 7321403, at *5-6 (D. Conn. Dec. 11, 2020) (denying motion for compassionate release brought by inmate with a BMI of approximately 32 (as calculated by the parties) and "well controlled asthma" in part because the movant was only 26 years old). And while the Court credits Mr. Walker's argument that he is comparatively more likely to contract COVID-19 in custody than if he were not living in a prison facility, the risk of infection would by no means disappear if he were released. See CDC, Estimated Disease Burden of COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/burden.html (last visited January 29, 2021) (estimating that there were approximately 83 million infections of COVID-19 from February to December 2020 in the United States, a country with a population of approximately 330 million people).

        The Court appreciates the significance of any COVID-19 infection in the context of the current pandemic. However, having considered the applicable section 3553(a) factors, the fact that the Court's original custodial sentence in this case was a meaningful variance downward from the applicable sentencing guidelines range, the circumstances at FCI Allenwood, Mr. Walker's health conditions, and his relative youth, the Court concludes that the sentence imposed

on Mr. Walker remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Walker's sentence.

## CONCLUSION

For the reasons set forth above, Mr. Walker's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Walker.

Docket Entry No. 408 is resolved.

SO ORDERED.

Dated: New York, New York
       January 29, 2021

>                                           /s/ Laura Taylor Swain
>                                           LAURA TAYLOR SWAIN
>                                           United States District Judge

**Copies mailed to:**

Bernard Walker
Reg. No. 77816-054
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887